CURTIS CUNNINGHAM CONST. CO. et al.

v.

WRIGHT et al.

No. 36125.

Supreme Court of Oklahoma.

May 4, 1954.

The trial commissioner to whom the case was assigned at the close of the evidence after in substance finding that respondent on August 1, 1952, while in the employ of petitioner construction company sustained an accidental injury arising out of and in the course of his employment when the wind blew cement in his eyes resulting in injury to both eyes; that he lost no compensable time by reason of such injury and therefore his claim for temporary total disability should be denied, further found in finding No. 3:

"That the claimant has sustained no permanent partial disability to the right eye and no permanent partial disability to the left eye by reason of the accidental personal injury of August 1, 1952; therefore, his claim for permanent partial disability should be denied."

And upon such findings entered an award denying compensation.

The award was modified on appeal to the Commission en banc. It eliminated finding No. 3 of the trial commissioner and substituted in lieu thereof the following finding:

"That by reason of his accidental personal injury of August 1, 1952, claimant has sustained a total loss of vision to his right eye, for which he is entitled to $2,500.00, being 100 weeks at $25.00 per week."

The Commission en banc awarded respondent compensation in accordance with this finding.

Pierce, Mock & Duncan, John R. Couch, Oklahoma City, for petitioner.

Thad L. Klutts, Oklahoma City, Mac Q. Williamson, Atty. Gen., for respondents.

O'NEAL, Justice.

This is a proceeding by petitioners, Curtis Cunningham Construction Company and its insurance carrier, to review an award of the State Industrial Commission awarding compensation to respondent Ernest D. Wright.

On March 4, 1953, respondent filed a claim for compensation in which he states that on August 1, 1952, while in the employ of petitioner construction company he sustained an accidental injury to his eyes; that the injury was caused by the wind blowing portions of cement in his eyes while he was working around a cement mixer and while engaged in pouring cement into the mixer and resulted in the total loss of vision of his right eye and injury to his left eye.

Petitioners bring the case here to review this award and rely for its vacation on the sole ground that there is a total lack of medical evidence to support the award and that the award is contrary to law.

Respondent testified that he sustained an injury to his eyes as stated in his complaint; that he was treated by various physicians for such injury; that his left eye has been completely cured but that his right eye has not been benefited by the treatment; that he has very little, if any, vision left in that eye. He further testified that sometime in the early part of February 1953, while riding with a friend in an automobile en route to a meat market the

driver suddenly stopped the automobile in order to avoid injuring a pedestrian and that his head was thrown against the windshield causing a cut over his left eye but that his right eye was not injured by the accident; that prior to the time he sustained his present injury he had experienced no trouble with either eye.

The physicians who testified in the case all agree that respondent has suffered some loss of vision in his right eye but disagree as to the cause and extent thereof. Several physicians who had examined respondent stated that they had obtained a history from him of having injured his right eye when his head came in contact with the windshield of an automobile in the accident referred to by respondent and also that he received cement in his eyes on August 1, 1952, while working for the construction company and testified that their examination disclosed a cut across the cornea of the eye and expressed the opinion that the loss of vision of the eye was caused by the injury sustained to his eye in the automobile accident or some other traumatic injury and that it was not caused by the particles of cement received in his eye.

One of these physicians who examined respondent filed a written report of his findings and conclusions and several supplemental reports thereto which reports were admitted in evidence by agreement. In these reports considering them together the physician in substance states: He first saw and examined respondent on March 3, 1953. He obtained a history of the case from respondent which, as recited by him in his report, is substantially as testified to by respondent and from this history and his personal examination, after stating in detail the manner in which respondent's right eye is affected, expressed the opinion that respondent sustained a 98 per cent loss of vision of that eye; and, while it was difficult to determine the exact cause of such loss of vision expressed the opinion that it was due to the injury sustained by him when cement was blown in his eye.

While the medical evidence as to the cause and extent of the disability sustained by respondent is in conflict, the evidence of the physician last above mentioned when considered in connection with the evidence of respondent is sufficient to sustain the finding and award of the State Industrial Commission.

We have many times held that the findings of fact of the State Industrial Commission on nonjurisdictional questions and an award based thereon will not be disturbed on review when there is any competent evidence reasonably tending to sustain such findings and award.

Award sustained.

HALLEY, C. J., and WELCH, CORN, DAVISON, ARNOLD, WILLIAMS and BLACKBIRD, JJ., concur.